## THE QUEEN *vs.* AH HUNG.

### Appeal from Dole, J.

### Hearing, April 23, 1892. Decision, April 26, 1892.

### Judd, C.J., Bickerton and Dole, JJ.

The fact that a Chinese person, on arriving here in a steamship from China, presented to the customs officers a permit to enter this Kingdom which he had obtained in China, and not from the Foreign Office of this Kingdom, is proof that the permit was not to himself; the Foreign Office, under its legal regulations, not furnishing permits except to Chinese applying here personally for them.

The tender of such a permit is conclusive evidence of an attempt to land in this Kingdom without a permit. The statutory offense is completed when presented to the officer, though the intent to commit it may have been formed when the person left China.

The Act of 1888, Chapter LX. is not unconstitutional.

*Rex vs. Leong Tiam*, 7 Hawn., 338, affirmed.

### Opinion of the Court, by Judd, C.J.

The defendant was charged in the Police Court of Honolulu with violating Chapter 60, subsection 3a, Statutes of 1888, at

Honolulu on, to wit, the 7th day of March, 1892, in that he, being a Chinese person, did unlawfully attempt to land upon Hawaiian shores, to wit, at the port of Honolulu, without a valid, legal permit. He was found guilty and the statutory fine of $200 imposed. He appealed to a Justice of the Supreme Court sitting at Chambers, who affirmed the conviction. He appeals therefrom to the Supreme Court in Banco on the following points of law, as found adversely to him by Mr. Justice Dole, viz.:

1. That the offense was commenced without the Kingdom.

2. That the facts set forth in the evidence constitute or form a commencement of such offense, or tend to show an illegal act or intent.

3. That the statute under which the charge is brought is unconstitutional.

The statute is as follows :

Section 3a. Any Chinese, whether a passenger on or a member of the crew of any vessel arriving in Hawaiian waters from abroad, who shall land or attempt to land upon Hawaiian shores, except he be provided with a personal permit to enter this Kingdom, as provided in Section 2 of this Act, shall be liable, on conviction thereof, to a penalty of $200. If any Chinese shall, with intent and purpose to gain access to this Kingdom, tender or present, or cause to be tendered or presented to any officer of customs, or other officer of the Hawaiian Government, any ticket, permit, passport or other document other than a valid permit personal to himself for such Chinese to enter the Kingdom, the fact of such tender or presentation shall be deemed conclusive evidence of an attempt on the part of such Chinese to land in this Kingdom without a permit.

The essential facts are as follows :

The defendant was one of the Chinese passengers who arrived at Honolulu on the steamship Oceanic in March, 1892. Upon leaving the Oceanic to come ashore he showed a permit, but being quarantined on shore for a period, this was not officially inspected until the quarantine was over. He then presented a permit which was refused by the customs authorities, on the

ground that it was not a permit personal to himself, and he was then arrested under the law above set forth.  The Trial Court heard considerable evidence on the question whether the permit he held had been issued to him personally, or had been issued to another and transferred to him.  From this evidence the Justice has cited the testimony of Young Nap, who interpreted for the customs officers at the quarantine station, that the defendant stated, during the inspection of his permit by the port surveyor, that he procured the permit in China, and that it was given to him by some person.  This evidence not being met nor denied on the part of the defendant was deemed conclusive against him by the Trial Justice.

It is objected by defendant's counsel that this might be a permit personal to defendant entitling him to enter this Kingdom, although procured in China.  We understand that no permits to enter the Kingdom are granted by the Foreign Office except upon the personal application here by the Chinese who desires to return to this Kingdom after an absence in China. His name, age, occupation and place of previous residence on these islands are all inserted in the permit, and a guaranty of identification and as to the habits of the applicant is filed by a guarantor known to the Foreign Office.  These particulars are required by the regulations authorized by the statute to be made by the Minister with the consent of the Cabinet.  This class of permits is entirely distinct from those authorized by the Act of 1890 (Chapter 67) which are called "special residence permits" to Chinese agricultural laborers.

We therefore find that the fact that the defendant procured this permit in China, and not from the Foreign Office here, is evidence that it is not one personal to himself and does not authorize his admission into this Kingdom.  The result must follow, which the statute enjoins, that the tender or presentation of such a permit by the Chinese is to be deemed "conclusive evidence of an attempt on his part to land in this Kingdom without a permit."  This attempt is punishable by the fine which was imposed.

We consider it unnecsssary to ascertain exactly when the defendant began to form the intent in his mind of entering this Kingdom without a valid permit personal to himself—whether in China, or on the high seas, or at the moment when the steamship which carried him was crossing the line which boards our jurisdiction. He might enter our waters with a false permit in his pocket and not present it, but proceed on with the steamer to California, and thus not commit any offense against this statute. The mere preparation of the means of committing any offense, nothing being done in the execution of the intent to commit the same, is not an attempt to commit the same. But in our case, the attempt to land without the proper permit was made when defendant presented the permit to the officer of Customs of the Hawaiian Government. He had not then entered the Kingdom and become a part of the body politic, so that the constitutional provision against class legislation (Article 13) could be invoked in his favor. Having presented a false permit, which was proved to have been obtained in China, the offense thus consummated colors all his acts, and we may presume that he formed the intention in China of entering this Kingdom by means of this permit. However this may be, the offense was completed when he offered the permit in order to obtain a landing in this Kingdom.

We therefore overrule the exceptions.

The case of *Rex vs. Leong Tiam*, 7 Hawn., 338, decided by this Court, when it consisted of five Justices, has such a close similarity to the one at bar that we may not, except on very substantial grounds, depart from it.

### PARTIALLY CONCURRING OPINION OF DOLE, J.

While the opinion of the Court supports the judgment appealed from, I am unable to adopt its reasoning. The case of *Rex vs. Leong Tiam*, therein cited, would be a satisfactory precedent for the present case, except for the constitutional point now raised. The constitutional question not being in issue in that case, it throws no light upon the question in this case. Not having been led by the able arguments of defendant's coun-

sel before this Court to change my original conclusion, I concur with the decision of the Court overruling the exceptions, but upon the reasoning of the opinion appealed from.

C. *Creighton*, Deputy Attorney-General, for the Crown.

A. S. *Hartwell* and W. R. *Castle*, for defendant.